IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COLBY LEE APLIN,

         Plaintiff,

v.

GARRICK, et al.,

         Defendant.

Case No. 3:18-cv-01124-MO

ORDER TO DISMISS

MOSMAN, District Judge.

Plaintiff, an inmate at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

///

## BACKGROUND

Plaintiff makes a variety of allegations in this case. She alleges that on May 5, 2018, a sheriff's deputy pointed a gun at her "while he was in the gun securing closet." Complaint (#2), p. 6. She claims she was the victim of verbal harassment by jail staff. She also asserts that on June 3, 2018, she was attacked by a female inmate and injured when deputies attempted to intervene. Finally, she alleges that she is not receiving mail under an alias, and that Defendants Mains and Swanson have opened her legal mail from the Court.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause

2 - ORDER TO DISMISS

of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

As an initial matter, Plaintiff fails to plead the violation of any federal right. A plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused; (3) by conduct of a person; (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff makes no allegation that any

3 - ORDER TO DISMISS

Defendant violated any right secured by the Constitution or federal statute.[1]

Plaintiff alleges that Defendant Lemons pointed a gun at her while he was in the "gun securing closet" and she was awaiting transport on May 5, 2018. Complaint (#2), p. 6. The Court construes this as an Eighth Amendment claim. Jail officials are required to take reasonable measures to protect the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Ninth Circuit has held that threats of bodily injury by guards against an inmate fail to state a cause of action. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) (it "trivializes the eighth amendment to believe a threat constitutes a constitutional wrong."). Although the Tenth Circuit has concluded that the act of pointing a gun at an inmate and threatening to shoot states a valid claim for pleading purposes, *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992), those facts exceed what Plaintiff alleges here. Plaintiff has not alleged that Lemons threatened to shoot her, or that he otherwise displayed deliberate indifference to the threat of serious harm or injury as required by the Eighth and

---

[1] The Court also notes that Plaintiff crossed out the entirety of her prayer for relief.

4 - ORDER TO DISMISS

Fourteenth Amendments. *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986).

Plaintiff's allegation that she was the victim of verbal sexual harassment by Jail staff members also fails to state a claim upon which relief can be granted. *Austin v. Terhune*, 367 F.3d 1167, 1171-72 (9th Cir. 2004); *Oltarzerski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

Plaintiff next alleges that although she was on "walk alone" status, Defendant Lopez allowed another female inmate out of her room while Plaintiff was on her walk. According to Plaintiff, the other inmate attacked her, placing her in a choke hold. Defendant Lopez used a taser on the attacking inmate once, and when he tried to use the taser on her again, he accidentally hit the Plaintiff's right side. Because nothing in Plaintiff's allegations suggests Defendant Lopez was deliberately indifferent to her safety, she fails to state an Eighth Amendment claim for pleading purposes.

Plaintiff also alleges that Defendants Mains and Swanson opened her legal mail from the U.S. District Court outside of her presence. The Court construes this as a First Amendment claim. Because incoming mail from the courts is not considered "legal mail," Plaintiff fails to state a claim. *See Keenan v.*

*Hall*, 83 F.3d 1083, 1094 (9th Cir.1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). Even if Plaintiff's mail constituted "legal mail," she would still be unable to state a claim because the action she describes falls more into the category of negligence than a systemic issue implicating the Constitution. *See Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989) (guard's opening of legal mail was perhaps negligence, but did not amount to a constitutional violation).

Finally, Plaintiff faults Defendants for not delivering her mail to her when that mail is addressed to an alias name she uses that is not her name of record at the Jail. This is one of the many decisions firmly within the discretion of jail administrators in which Courts do not interfere. If Plaintiff wishes to receive her mail, she must use her institutional name as she has apparently done in this case where the Notice of Case Assignment (#3) was not returned for lack of a proper address.

### CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Should Plaintiff wish to continue with this case, she must file an amended complaint within 30 days that: (1) cures the deficiencies with her original Complaint; (2) describes how each

6 - ORDER TO DISMISS

named defendant personally participated in the deprivation of a federal right; (3) does not incorporate any prior document by reference; and (4) is on the form provided by the court. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

The Clerk is directed to send Plaintiff a form civil rights complaint.

IT IS SO ORDERED.

DATED this 30th day of July, 2018.

_____
Michael W. Mosman
United States District Judge

7 - ORDER TO DISMISS