IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COLBY LEE APLIN,** | No. 3:18-cv-01124-MO |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **RYAN GARRICK et al.,** | |
| Defendants. | |

**MOSMAN, J.,**

This matter comes before me on a Motion for Summary Judgment [28] filed by all defendants. For the reasons below, I GRANT Defendants' Motion for Summary Judgment [28] without prejudice.

## LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute of material fact, viewing the evidence in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(a). A genuine dispute of a material fact is "one that could reasonably be resolved in favor of either party." *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to demonstrate, through the production of

evidence, that there remains a "genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

The nonmoving party may not rely on the pleading allegations or "unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (citing Fed. R. Civ. P 56(e)). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A district court should "construe liberally motion papers and pleadings filed by pro se inmates." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

## DISCUSSION

Defendants argue they are entitled to summary judgment because Plaintiff Colby Aplin failed to exhaust her available prison administrative remedies on her claims as required by the Prison Litigation Reform Act ("PLRA"). Defendants also argue that Ms. Aplin's claims fail on the merits because Defendants did not violate any of Ms. Aplin's constitutional rights. Because I agree that Ms. Aplin has failed to exhaust her administrative remedies, I do not address the question of the merits of Ms. Aplin's claims.

Defendants assert they are entitled to summary judgment on Ms. Aplin's claims because Ms. Aplin failed to exhaust her available administrative remedies before filing this action. The PLRA requires that prisoners exhaust all available prison administrative remedies before filing an action with respect to prison conditions under any federal law. 42 U.S.C. § 1997e(a). Exhaustion requires appealing the grievance decision to the highest level within the grievance system. *Bennett v. King,* 293 F.3d 1096, 1098 (9th Cir. 2002). Individuals who are prisoners at the time they file suit must comply with the PLRA's exhaustion requirements. *Talamantes v.*

*Leyva*, 575 F.3d 1021, 1023–24 (9th Cir. 2009). Prisoners must exhaust administrative remedies before filing suit, not during the course of the action. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

The Multnomah County Sherriff's Office ("MCSO") has a grievance process to address inmate concerns. Bugard Decl. [29] at 27–28. The grievance must be specific about the incident at issue, including the date, time, and names of the staff members involved. *Id.* Prisoners can address one event per grievance and must file the grievance within five days of the incident. *Id.* Defendants have provided evidence that Ms. Aplin filed two grievances related to the claims in her complaint and did not appeal either. Defs.' Mot. for Summary J. [28] at 5–6.

Ms. Aplin's Response [43] alleges that Defendants did not serve their Motion for Summary Judgment at her correct address. I find this unpersuasive. Ms. Aplin filed a Notice of Change of Address [23] on the docket on February 11, 2019. Defendants filed their Motion for Summary Judgment on April 10, 2019, serving Ms. Aplin at the address listed in the February 11. Mot. for Summ. J. [28]. Ms. Aplin then filed another Notice of Change of Address [40] on May 10, 2019. Defendants served their Motion for Summary Judgment at the address that was on record for Ms. Aplin at the time they served her.

Additionally, Ms. Aplin attached to her Declaration [44] a grievance regarding her mail claim, which she did appeal. Aplin Decl. [44] Ex. 1 at 2–3. This grievance was filed in April 2019 regarding an incident that took place in March 2019. *Id.* The PLRA requires that prisoners exhaust administrative remedies before filing suit, not during the action. *McKinney*, 311 F.3d at 1199. Ms. Aplin was a prisoner when she brought this action; she filed her Complaint on June 26, 2018, and filed her Amended Complaints on August 23 and October 24, 2018. [7, 11].

Accordingly, the April 2019 grievance was filed after the action had been filed. Ms. Aplin did not file grievances related to any of her other claims.

Even construing Aplin's filings liberally and viewing the facts in a light most favorable to her, Ms. Aplin has failed to demonstrate that she exhausted her administrative remedies. The evidence shows that Aplin did not exhaust her available prison administrative remedies on any of her claims. Accordingly, Defendants are entitled to summary judgment.

## CONCLUSION

For the aforementioned reasons, I GRANT Defendants' Motion for Summary Judgment [28] and dismiss Ms. Aplin's claims without prejudice. Ms. Aplin may file an amended complaint within twenty-one days of this order. Failure to file an amended complaint will result in dismissal of this action. In light of my decision granting Defendants' Motion for Summary Judgment [28], I DENY Ms. Aplin's Motion for Summary Judgment [57], Motion for Name Correction [53], and Motion for Subpoena [75] as moot. Additionally, I DENY Ms. Aplin's Motion for Protective Order [48].

IT IS SO ORDERED.

DATED this 17 day of July 2019.

MICHAEL W. MOSMAN
Chief United States District Judge